# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA


JEFFREY D. JONES, #290522,    )   CIVIL ACTION NO. 9:10-49-HFF-BM
                                 )
                 Petitioner,   )
                                 )
v.                                )   **REPORT AND RECOMMENDATION**
                                 )
MICHAEL MCCALL, WARDEN,   )
                                 )
               Respondent.   )
_____)


       Petitioner, an inmate with the South Carolina Department of Corrections ("SCDC"),

seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on January 4,

2010.[1]

       The Respondent[2] filed a return and motion for summary judgment on April 12, 2010.

As the Petitioner is proceeding pro se, a Roseboro order was filed on April 13, 2010, advising the

Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for

summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the

motion for summary judgment may be granted, thereby ending his case. After the Court extended

the time to respond, Petitioner filed a memorandum in opposition on June 7, 2010.

---

     [1]Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

     [2]When this action was filed, Petitioner was incarcerated at the Perry Correctional Insitution, where Michael McCall (the named Respondent) is the Warden. Since the filing of this case, Petitioner has been transferred to the McCormick Correctional Institution, where Leroy Cartledge is the Warden. If this case proceeds past summary judgment, an order will be issued substituting Cartledge as the Respondent.



This matter is now before the Court for disposition.[3]

## Procedural History

Petitioner was indicted in September 2002 in Anderson County for murder [Indictment No. 02-GS-04-2452] and possession of a firearm during commission of a violent crime [Indictment No. 02-GS-04-2453]. (R.pp. 2, 204-205)[4]. Petitioner was represented on these charges by Robert Gamble, Esquire. After the case was called for trial on February 3, 2003, and a jury was selected, Petitioner decided to plead guilty to the murder charge. (R.pp. 1-69). Petitioner pled guilty to murder and was sentenced to thirty (30) years imprisonment. (R.p. 69). Petitioner did not appeal his plea or sentence.

On April 14, 2003, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. Jones v. State of South Carolina, No. 03-CP-04-1098; (R.pp. 72-77). Petitioner raised the following issues in his APCR:

**Ground One**: Ineffective Assistance of Counsel;

**Ground Two**: Involuntary plea of guilty;

**Ground Three**: Constitutional violation, Miranda Rights violation.

(R.p. 74).

Petitioner filed an amended APCR on March 25, 2005, alleging that ineffective assistance of counsel occurred in the following particulars:

---

[3]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[4]A copy of Indictment No. 02-GS-04-2453 is not in the Record, but is referenced throughout.



1. Applicant asserts, had a lawyer told him that his statement may have been made involuntarily, and if so, it would be inadmissible at trial, he would not have plead guilty, but would have went to trial to challenge the charges against him . . .

2. My lawyer was ineffective for allowing me to plead guilty knowing that I have a history of mental illness dating back to my childhood. Applicant couldn't distinguish wrong from right during the time of the crime nor could he conform his conduct to the law . . .

3. My lawyer was ineffective for not requesting that I be given a mental health examination to determine my competency to stand trial or plead guilty . . .

4. My lawyer was ineffective for failing to investigate the charges against me and failing to investigate my history of mental illness . . .

Petitioner further alleged that "he was denied due process of law and equal protection of the laws when he was allowed to plead guilty while being mentally incompetent and unable to appreciate the nature of his actions." (R.pp. 84-85).

Petitioner again amended his application on September 18, 2006, alleging that his "indictment was 'A Sham Legal Process,' that failed to confer subject matter jurisdiction upon the trial court to convict him and Due Process of Law." (R.p. 80).

Petitioner was represented in his APCR by Victor McDade, Esquire, and an evidentiary hearing was held on Petitioner's application on February 27, 2007. (R.pp. 90-139). On March 22, 2007, the PCR judge filed an order denying Petitioner's PCR claims. (R.pp. 140-147).

Petitioner timely filed a notice of appeal. Petitioner was represented on appeal by M. Celia Robinson, Assistant Appellate Defender with the Office of Appellate Defense, who raised the following issues:

1. Did the PCR judge err in ruling that the application for post-conviction relief could not properly be amended prior to or during the PCR hearing and err in ruling that petitioner was barred from seeking relief on grounds not initially raised?

3



2.  Did the PCR judge err in denying relief where petitioner established that he was wrongly advised that he would be required to serve only 85% of the penalty imposed upon his entry of a guilty plea, that he is actually required to serve 100% of the penalty imposed, and that he would not entered a guilty plea but for the fact that he believed that he would be required to serve only eighty-five percent of the sentence imposed?

3.  Did the PCR judge err in denying relief where petitioner was not shown to be competent to enter a plea where petitioner's trial counsel provided ineffective assistance by failing to have petitioner evaluated and by failing to request a competency hearing in order to determine petitioner's competence to enter a guilty plea?

See Petition, p. 2.

The Supreme Court of South Carolina transferred the case to the South Carolina Court of Appeals on July 11, 2008; see Order dated July 11, 2008; and the South Carolina Court of Appeals thereafter denied the petition on June 11, 2009.  See Order dated June 11, 2009.  The remittitur was issued on June 29, 2009.

In his Petition for writ of habeas corpus filed in United States District Court, Petitioner raises the following grounds:

**Ground One:** Guilty Plea not Knowing and Intelligently Entered.

**Ground Two:** Ineffective Assistance of Counsel.

**Ground Three:** Due Process Violation.

**Ground Four:** Abuse of Discretion on behalf of PCR Court.

See Petition, pp. 6-11.

### **Discussion**

Respondent has moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be



rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; <u>see</u> Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case; <u>see</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972), and <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

## I.

Petitioner argues in Ground One of his Petition that his plea was not knowingly entered because the trial judge misadvised him during his plea that he would only have to serve eighty-five percent of his sentence. The PCR judge ruled, <u>inter alia</u>, that this issue was not properly raised in Petitioner's PCR application or its amendments, and that Petitioner was therefore barred from seeking relief on that ground. (R.p. 146).

Respondent argues that since Petitioner did not properly pursue this claim in his APCR, it is barred from further state collateral review. Petitioner does not contest that he did not raise this issue in his PCR petition or his written motion to amend that petition. (R.pp. 72-85). Instead, Petitioner sought to raise this issue at his PCR hearing. (R.pp. 93-96). Respondent objected to the amendment, and although the PCR judge allowed Petitioner to proceed subject to Respondent's objection; (R.pp. 93-96); the PCR judge did ultimately rule that this issue was not properly raised and was procedurally barred. (R.pp. 137-138, 146). In the alternative, the PCR judge also held that this



claim was without merit.  (R.pp. 137, 146).  The South Carolina Court of Appeals denied certiorari on the petition.

Respondent asserts that this issue is procedurally barred from federal habeas review because the PCR judge's decision rests on independent and adequate state grounds.  <u>See</u> Respondent's Memorandum in Support of Summary Judgment, p. 8.

> Federal courts may not hear a section 2254 claim if a state court disposed of the claim on adequate and independent state-law grounds, unless the petitioner can show cause and prejudice for, or a fundamental miscarriage of justice resulting from, failure to comply with the applicable rule.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991); <u>Wilson v. Moore</u>, 178 F.3d 266, 272 (4th Cir. 1999).  This rule protects the state's interest in the finality of its judgments and promotes respect for the state-court system. <u>Coleman</u>, 501 U.S. at 750.  For a state-law ground to be 'adequate,' though, it must be applied regularly or consistently.  <u>Johnson v. Mississippi</u>, 486 U.S. 578, 587 (1988); <u>Brown v. Lee</u>, 319 F.3d 162, 169 (4th Cir. 2003).

<u>Bostick v. Stevenson</u>, 589 F.3d 160, 164 (4th Cir. 2009)[where the Court determined that at the time of petitioner's proceedings, South Carolina Rule 59(e) was not consistently applied, and therefore, petitioner's failure to comply with the rule did not prevent him from pursuing his claim on the merits]; <u>see</u> <u>also</u> <u>McFadden v. Warden of Allendale Correctional Institution</u>, No. 09-646, 2010 WL 424146 at *1 (D.S.C. Feb. 1, 2010).

Pursuant to Rule 15(b), SCRCP, a state PCR judge may deny a motion to amend where a respondent shows sufficient prejudice would occur.  <u>See</u> Rule 15(b), SCRCP ["The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits."].  Even if this Rule could be deemed to be discretionary, "[a] discretionary state procedural rule can serve as an adequate ground to bar federal habeas review . . . even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." <u>Beard v.</u>



6

<u>Kindler</u>, 130 S.Ct. 612, 618 (2009).  However,

> [a] state ground will be considered adequate only if it is 'strictly or regularly followed' and applied 'evenhandedly to all similar claims.'  <u>Smallwood [v. Gibson</u>, 191 F.3d 1257, 1268 (10th Cir. 2008)(internal quotation omitted)].  The state bears the burden of proving the adequacy of a procedural bar as it is 'undoubtedly in a better position to establish the regularity, consistency and efficiency with which it has applied [its own rules] in the past.'  <u>Hooks v. Ward</u>, 184 F.3d 1206, 1217 (10th Cir. 1999).

<u>Fairchild v. Workman</u>, 579 F.3d 1134, 1141 (10th Cir. 2009);  <u>Beard</u>, 130 S.Ct. at 617 (quoting <u>Lee v. Kemna</u>, 534 U.S. 362, 375 (2002)(internal quotations omitted)[The United States Supreme Court has "framed the adequacy inquiry by asking whether the state rule in question was 'firmly established and regularly followed."])

      Respondent cites several cases to support a finding by this Court that this state rule constitutes an independent and adequate state ground.  However, these cases are not on point and fail to show that the rule at issue [Rule 15(b)] is applied evenhandedly to all similar claims in state PCR proceedings.  <u>See</u> Respondent's Memorandum in Support of Summary Judgment, p. 8; <u>cf.</u> <u>Simpson v. Moore</u>, 627 S.E.2d 701, 708 (S.C. 2006)[finding PCR judge erred in not allowing the petition to be amended to conform to the evidence presented]; <u>Arnold v. State</u>, 420 S.E.2d 834, 843 (S.C. 1992)[dealing with the denial of a motion to amend a PCR petition after the PCR judge's order had been entered]; <u>Harvey v. Strickland</u>, 566 S.E.2d 529, 535 (S.C. 2002)[upholding trial judge's denial of motion to amend which was made during the jury's deliberations]; <u>Tanner v. Florence County Treasurer</u>, 521 S.E.2d 153, 156 (S.C. 1991)[upholding trial judge's denial of motion to amend where trial judge found that the amendment would have been futile]; <u>Pool v. Pool</u>, 494 S.E.2d 820 (S.C. 1998)[upholding trial judge's granting of motion to amend where no prejudice was shown to the opposing party].  Therefore, since the Respondent bears the burden of making this showing and has



failed to do so, the undersigned has addressed this issue on the merits. <u>Bostick</u>, 589 F.3d at 165;

<u>Fairchild</u>, 579 F.3d at 1141.[5]

## II.

In Ground Two of his Petition, Petitioner contends that his counsel was ineffective for

failing to have Petitioner evaluated for competency before having him enter a guilty plea. This issue

was raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his

petition. <u>Butler v. State</u>, 334 S.E.2d 813, 814 (S.C. 1985), <u>cert.</u> <u>denied</u>, 474 U.S. 1094 (1986). The

PCR court rejected this claim, making relevant findings of fact and conclusions of law in accordance

with S.C.Code Ann. § 17-27-80 (1976), as amended. <u>See</u> <u>Jones v. South Carolina</u>, No. 03-CP-46-

2501.

Specifically, the PCR judge found that: 1) Petitioner's testimony was not credible; 2)

Petitioner's trial counsel's testimony was credible; 3) trial counsel's representation was reasonable

and effective within the requirements for defense attorneys in this State; 4) Petitioner failed to show

that he was prejudiced, in any way, by counsel's representation; 5) counsel met with Petitioner on

numerous occasions and investigated the charges against Petitioner; 6) counsel kept Petitioner well

informed of the progress of his case and of the evidence the solicitor had against him; 7) Petitioner's

claim that he was not competent to enter his guilty plea is without merit; 8) Petitioner showed an

ability to understand the nature of the proceedings; 9) counsel informed the Court that he had no

concern about Petitioner's competency during his representation of Petitioner; 10) in addition,

Petitioner informed this Court, as he informed the plea court, that he had never been diagnosed with

---

[5]Since Petitioner also raises a related claim in Ground Four of this Petition, the undersigned
has addressed both Grounds One and Four together in Section IV of this opinion. <u>See</u> discussion,
<u>infra</u>.



any condition that would make it impossible for him to understand what he was doing, nor had he been prescribed medication for any such condition; 11) Petitioner is required to establish by a preponderance of the evidence that he was incompetent when he entered his guilty plea; 12) Petitioner failed to met his burden in that regard; 13) Petitioner was competent to participate in his PCR proceeding and he was competent to enter a guilty plea on February 3, 2003; 14) the indictment in this case was sufficient; 15) indictments are sufficient when they allege time and place, as required by the law, and charge the crime substantially in the language of the statute or the common law which prohibits the crime or so plainly that the offense charged may be easily understood and, if the offense is statutory, that the offense is contrary to the statute involved; 16) all indictments must be viewed with a practical eye to determine whether they fulfill their function to notify the accused of the charge he must answer, notify the court of what judgment and sentence to pronounce, and present a bar to subsequent prosecution; 17) circuit courts have jurisdiction over criminal matters; 18) the sufficiency of an indictment does not affect subject matter jurisdiction; 19) there was nothing improper with the methods of the grand jury in returning the indictment against Petitioner; 20) the grand jury met in a timely fashion as required in this State; 21) in fact, the grand jury met within two months after the incident occurred; 22) the indictment is stamped on its face with a true bill date of September 24, 2002; 23) Petitioner did not appropriately raise the issue of being wrongly advised about the 85% rule in his application and is, therefore, barred from seeking relief on that ground at this time; 24) even if this issue was properly before this Court, this Court does not find it a sufficient basis upon which to grant Petitioner's requested relief; 25) a guilty plea should not be reversed for every misstatement about parole eligibility by a plea judge; 26) Petitioner freely, voluntarily, and intelligently made the decision to plead guilty in this matter; 27) Petitioner was not threatened, coerced or forced in any

9



manner into pleading guilty against his will ; 28) counsel provided effective representation and gave

Petitioner sound advice regarding the risks and benefits of going to trial as opposed to accepting the

guilty plea; 29) Petitioner has provided no grounds upon which this Court feels it would be appropriate

to grant relief in this matter; 30) Petitioner stated that he was lying to the plea court; 31) Petitioner

has given this Court no reason to believe he was telling the truth now; and 32) Petitioner has not

established any constitutional violations or deprivations that would require this court to grant his

application. (R.pp. 144-147).

      Substantial deference is to be given to the state court's findings of fact. <u>Evans v.</u>

<u>Smith</u>, 220 F.3d 306, 311-312 (4th Cir. 2000), <u>cert. denied</u>, 532 U.S. 925 (2001) ["We . . . accord state

court factual findings a presumption of correctness that can be rebutted only by clear and convincing

evidence], <u>cert. denied</u>, 532 U.S. 925 (2001); <u>Bell v. Jarvis</u>, 236 F.3d 149 (4th Cir. 2000)(en banc),

<u>cert. denied</u>, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a State court, a determination of a factual issue
> made by a State court shall be presumed correct. The applicant shall have the burden
> of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). <u>See also</u> <u>Fisher v. Lee</u>, 215 F.3d 438, 446 (4th Cir. 2000), <u>cert. denied</u>, 531

U.S. 1095 (2001); <u>Frye v. Lee</u>, 235 F.3d 897, 900 (4th Cir. 2000), <u>cert. denied</u>, 533 U.S. 960 (2001).

      However, although the state court findings as to historical facts are presumed correct

under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the

issue of ineffective assistance of counsel, a federal court must reach an independent conclusion.

<u>Strickland v. Washington</u>, 466 U.S. 668, 698 (1984); <u>Pruett v. Thompson</u>, 996 F.2d. 1560, 1568 (4th

Cir. 1993), <u>cert. denied</u>, 114 S.Ct. 487 (1993) (citing <u>Clozza v. Murray</u>, 913 F.2d. 1092, 1100 (4th Cir.



1990), <u>cert. denied</u>, 499 U.S. 913 (1991)).  Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in <u>Williams v. Taylor</u>, 529 U.S. 362 (2000).  <u>Bell v. Jarvis</u>, <u>supra</u>; <u>see also</u> <u>Evans</u>, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"].  Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Strickland</u>, 466 U.S. at 694.  In <u>Strickland</u>, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective.  First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial.  Further, where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985).  Here,



after careful review of the record and the arguments presented, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard. <u>Smith v. North Carolina</u>, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

Petitioner testified at the PCR hearing that he went through tenth grade in school, and that he could read and write "pretty good", although less so with writing. (R.p. 101). Petitioner acknowledged that he had never spoken with trial counsel about any past mental health history, but nevertheless testified that he was not competent to go to trial because he was "having problems" and would "snap sometimes." Petitioner testified that he had mental health issues dealing with communication, anger outbursts, and "some others", but did not provide any specifics with regard to these contentions. (R.p. 103). Petitioner's PCR counsel also submitted some of Petitioner's medical records, which indicated that Petitioner had had problems with aggressive behavior at various times and while at school. (R.pp. 149-187).

Petitioner's trial counsel testified that he met with the Petitioner on numerous different occasions, talked with Petitioner so he could understand if Petitioner understood the charges against him and determine if Petitioner knew right from wrong, and that he did not have any doubts concerning Petitioner's competency. (R.pp. 116-118). Trial counsel also had Petitioner's school records from the time Petitioner was fourteen, and testified that he "never saw any indication that there was any misunderstanding or even no knowledge of what he was doing." (R.p. 118). At the guilty plea, counsel told the court that Petitioner understood him, that counsel had no difficulties in talking with Petitioner, and that Petitioner had been very expressive to him. (R.p. 62). Further, the Petitioner told the judge that he did not think that he had ever been diagnosed with an emotional or



12

nervous condition by a doctor, and that he was not taking any prescription medicine. (R.pp. 57-58).

The PCR judge found that, although Petitioner argued at the PCR hearing that his counsel should have requested a competency hearing, Petitioner had offered no evidence to show how a competency hearing would have benefitted him other than mere speculation, which is not sufficient to show ineffective assistance of counsel. (R.pp. 144-145). The undersigned can find no basis in the record or the applicable caselaw to overturn the findings of the state court with regard to counsel's failure to request or to obtain a competency evaluation. Evans, 220 F.3d at 312. Petitioner has also failed to show that, even if his counsel had requested a competency hearing, he would been found incompetent. To the contrary, other than his own unsupported speculation, which is contradicted by the record, Petitioner has offered no evidence to show that he was incompetent. See Jeter v. State, 417 S.E.2d 594, 596 (S.C. 1992)[Petitioner has burden of proof to show he was incompetent at time of plea].

Accordingly, Petitioner has failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Bell v. Jarvis, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. This claim is without merit and should be dismissed.

### III.

In Ground Three of his Petition, Petitioner contends that his due process rights were

13



violated by an improperly paneled grand jury. Although this issue was raised in Petitioner's APCR, Petitioner concedes that it was not raised in his PCR appeal. <u>See</u> Habeas Petition, p. 12; <u>see also</u> Court Docket Number 15-3 (State Petition for Writ of Certiorari in PCR action).

Since Petitioner did not properly pursue this claim in his PCR appeal, it is barred from further state collateral review; <u>Whiteley v. Warden, Wyo. Penitentiary</u>, 401 U.S. 560, 562 n. 3 (1971); <u>Wicker v. State</u>, 425 S.E.2d 25 (S.C. 1992); <u>Ingram v. State of S.C.</u>, No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); <u>Josey v. Rushton</u>, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. Mar. 15, 2001); <u>Aice v. State</u>, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue this issue, it is otherwise fully exhausted. <u>Coleman</u>, 501 U.S. at 735, n.1; <u>Teague v. Lane</u>, 489 U.S. 288, 297-298 (1989); <u>George v. Angelone</u>, 100 F.3d 353, 363 (4th Cir. 1996)["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture], <u>cert</u>. <u>denied</u>, 117 S.Ct. 854 (1997); <u>Aice</u>, 409 S.E.2d at 393; <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997)["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state . . . or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court.'"], <u>cert</u>. <u>denied</u>, 522 U.S. 833, <u>Ingram</u>, 1998 WL 726757 at **1.

However, even though technically exhausted, since this issue was not properly pursued by the Petitioner in the state court, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977); <u>Waye</u>



14

v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Here, Petitioner does not offer any cause for his procedural default of this claim. In fact, Petitioner does not even address this claim in his memorandum in opposition to summary judgment. See generally Petitioner's Memorandum in Opposition to Summary Judgment. Accordingly, Petitioner has failed to show cause for his procedural default of this issue. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]. Nor does the undersigned find that Petitioner has met his burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if this claim is not considered. See Wainwright v. Sykes, supra; Murray, 477 U.S. at 496; Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496)); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995)); United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999)[Petitioner must "demonstrate actual factual innocence of the offense or conviction; i.e., that petitioner did not commit the crime of which he was convicted."]

Therefore, this issue is procedurally barred from consideration by this Court, and must



15

be dismissed.  <u>See</u> 28 U.S.C. § 2254.

## IV.

In Ground Four of his Petition, Petitioner contends that the PCR judge abused his discretion by ruling "that issues not identified in the original application were barred from consideration." However, this allegation does not concern Petitioner's underlying conviction. Rather, it concerns an alleged error relating to his motion to amend his petition in his state collateral proceedings.  Such claims are not a basis for federal habeas relief.  <u>Thompson v. Roberts</u>, No. 07-009, 2008 WL 4089315 at * 6 (S.D.Ga. Sept. 2, 2008)["Simply put, a federal habeas court is not a "'super' state supreme court" available to grant relief every time it believes a state-court has erred."] (quoting <u>Shaw v. Boney</u>, 695 F.2d 528, 530 (11th Cir. 1983)(per curiam))(quoting <u>Meyer v. Estelle</u>, 621 F.2d 769, 771 (5th Cir. 1980)).

"[I]t is not the province of a federal habeas court to re-examine state-court determinations on state-law questions."  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991)["federal habeas corpus relief does not lie for errors of state law"].  The Respondent is also correct that alleged infirmities in PCR proceedings do not state a basis for federal habeas relief.  <u>See Bryant v. Maryland</u>, 848 F.2d 492, 494 (4th Cir. 1988)[claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas relief]; <u>Nichols v. Scott</u>, 69 F.3d 1255, 1275 (5th Cir. 1995), <u>cert. denied</u>, 518 U.S. 1-022 (1996)["An attack on a state habeas proceeding does not entitle the petitioner to habeas relief . . . . "]; <u>Spradley v. Dugger</u>, 825 F.2d 1566, 1568 (11th Cir. 1987)(per curiam)["Because claim (1) goes to issues unrelated to the cause of [the] petitioner's detention, it does not state a basis for habeas relief."]; <u>Hassine v. Zimmerman</u>, 160 F.3d 941, 954 (3d Cir. 1998)[errors in state post-conviction proceedings are collateral to the conviction and sentence and do not give rise



to a claim for federal habeas relief]. Accordingly, Petitioner has not shown a basis for entitlement to federal habeas relief based on this issue. Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998)[alleged defects in state post-conviction procedures are not cognizable in a federal habeas corpus action].

However, while Petitioner is not entitled to habeas relief based on the claim presented in Ground Four, the undersigned has previously determined that the underlying claim (which is contained in Ground One) should be addressed on the merits.[6] See discussion, Ground One. In the underlying claim, Petitioner contends that his plea was involuntary because the trial judge misadvised him during his plea that he would only have to serve eighty-five percent of his sentence. This issue was raised in Petitioner's APCR, and in addition to finding that this claim was procedurally barred [see discussion, supra], the PCR court also found that this claim should be denied on the merits, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Jones v. South Carolina, No. 03-CP-46-2501. As previously discussed, the PCR judge found that: 1) this issue is not a sufficient basis upon which to grant Petitioner's requested relief; 2) a guilty plea should not be reversed for every misstatement about parole eligibility by a plea judge; 3) Petitioner freely, voluntarily, and intelligently made the decision to plead guilty in this matter; 4) Petitioner was not threatened, coerced or forced in any manner into pleading guilty against his will ; 5) counsel provided effective representation and gave Petitioner sound advice regarding the risks and benefits of going to trial as opposed to accepting the guilty plea; and 6) Petitioner has not

---

[6]Although Petitioner makes the general statement that "all claims" not raised in his PCR petition and its written amendments were procedurally barred, it is clear from the record that the only issue found procedurally barred by the PCR court was the issue relating to the plea court's comments concerning the 85 percent requirement. (R.p. 146).



established any constitutional violations or deprivations that would require this court to grant his application. (R.pp. 144-147). Substantial deference is to be given to the state court's findings of fact; Evans, 220 F.3d at 311-312; see also Bell v. Jarvis, supra; see discussion, supra; and the undersigned can find no basis on which to overturn the state court's decision in this case.

The record reflects that at Petitioner's plea, the trial court advised Petitioner that he could "get anywhere from 30 years to life" for the crime to which he was pleading. (R.p. 57). The trial court then again advised the Petitioner "as I said earlier, you can get anywhere from 30 years to life. Thirty years is the minimum, Life is the maximum. Do you understand?"; to which the Petitioner replied, "Yes." (R.p. 59). Only later did the trial court state, "[d]o you understand this is a nonparolable offense? You'll have to serve 85% percent. Minimum of 85 percent of whatever time I give you. Do you understand?" Petitioner replied, "[y]es, sir." (R.p. 63). Petitioner also stated that he understood that the State had made no recommendations or promises - meaning he would get anywhere from 30 years to life. (R.p. 64). At the PCR hearing, Petitioner testified that his counsel and mother "came down and talked to me about it. They say the 30 years or life." Petitioner testified that "[a]nd so I, I felt I had no defense, so I just went to the 30, on my attorney's word, [attorney's] observation." (R.p. 104). While Petitioner also testified that, based on the trial court's statement concerning 85%, that he thought he "had to do 85 percent of the 30"; (R.p. 105); that was the first time this issue had been referenced. Petitioner did not offer any testimony at his PCR hearing that, prior to his plea, his counsel had advised him about any possibility of being released after serving 85% of his sentence.[7] (R.pp. 96-114). Indeed, Petitioner's counsel was not even questioned about the 85%

---

[7]Petitioner submitted an affidavit with his petition in which he attests that his counsel told him to plead guilty to thirty years and that he would get out "in a little while". See Petitioner's Affidavit

(continued...)



issue at the PCR hearing, even though he stated several times during his testimony that he wanted Petitioner to accept the "30 years."

Further, although Petitioner testified at his PCR hearing that until the day of his trial he had resisted pleading guilty and was insisting on going to trial, Respondent's counsel introduced a January 2003 letter from Petitioner to his counsel wherein Petitioner stated "I don't really want to go to trial" and urged counsel to get a deal for him. (R.pp. 104, 111). The letter was offered to show another inconsistency in Petitioner's testimony, and as noted the PCR judge did not find Petitioner's testimony credible. (R.p. 144).

After careful review of the record and the arguments presented, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that his plea was not knowingly and voluntarily entered. See Boykin v. Alabama, 395 U.S. 238 (1969); Smith v. North Carolina, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]; Vanater v. Boles, 377 F.2d 898 (4th Cir. 1967). The issue here is similar to a defendant

---

[7](...continued)

attached to his habeas petition. However, although the 85% issue was addressed by the Petitioner in his testimony at the PCR hearing, that testimony was only that his counsel told him to take the thirty years. (R.pp. 104-105). Petitioner's counsel was never questioned about the issue, and Petitioner's PCR counsel also never even made any reference to advice from counsel when addressing the issue. In reviewing this claim, to the extent Petitioner's affidavit may offer a different version of events than what was testified to at the PCR hearing, the undersigned has credited the hearing testimony. Barwick v. Celotex Corp., 736 F.2d 946, 960 (4th Cir. 1984) ["A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the Plaintiff's testimony is correct."]; cf. Rohrbough v. Wyeth Laboratories, Inc., 916 F.2d 970 (4th Cir. 1990) ["if a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact"] (quoting Barwick, 736 F.2d at 960); Darnell v. Target Stores, 16 F.3d 174 (7th Cir. 1994).



alleging that he received "misadvice" during a plea on parole eligibility.[8] Both result in defendants

be required to serve a longer minimum with no possibility of being released than what they contend

that they were advised was possible.

> On two occasions, the [South Carolina Supreme] Court has considered the effect of the plea judge's parole 'advice' on the plea. Originally, the Court held a guilty plea is rendered unknowingly and involuntary where the plea judge misinforms a defendant he is parole eligible when, in fact, he is parole ineligible. Brown [v. State, 412 S.E.2d 399 (1991)].
>
> Thereafter, the Court modified Brown, holding that where the plea judge 'explain[ed] the minimum  criteria for parole eligibility as contained in the applicable statute, the fact that the defendant is not actually eligible for parole does not render his guilty plea involuntary or unknowing.' Hunter v. State, 447 S.E.2d 203, 205-206 (S.C. 1994), abrogated on other grounds, 495 S.E.2d 429 (S.C. 1998).  The Court concluded:
>
>> We still believe that erroneous parole advice from the bench could, on certain facts, mislead a defendant to his detriment; however, it would be wholly impractical to maintain a rule which requires  the automatic reversal of a guilty plea without something more.
>
> Hunter, 447 S.E.2d at 205 (emphasis added).

Frasier v. State of South Carolina, 570 S.E.2d 172, 175 (S.C. 2002).

The state Supreme Court found in Frasier that the "something more" could be if trial counsel advised

a defendant that he was not eligible for parole.  Id.  Here, the Petitioner offered nothing more at his

PCR hearing other than the cited passages from his PCR hearing concerning the plea judge's

comments.  He offered no testimony concerning advice from counsel and did not even question his

counsel about any potential advice he had received on this issue.  Rather, his only testimony with

regard to his trial counsel's advice was that his counsel told him to take the thirty years.  In any event,

it is apparent from the record that Petitioner had agreed to plead guilty, and was in the process of

---

[8]The plea judge in this case clearly advised the Petitioner that he was not eligible for parole. (R.p. 63).



doing so, prior to the Court's comment about having to serve 85% of the sentence.

"[H]abeas relief is warranted where a petitioner's mistaken belief about parole eligibility is based upon misinformation by his defense attorney, the prosecutor, or the court, and timing of eligibility was a dispositive issue in the petitioner's acceptance of the plea bargain." Singletary v. Warden of Kirkland Correctional Institution, No. 09-1257, 2009 WL 4729977 at * 8 (D.S.C. Dec. 3, 2009)(citing Hill, 474 U.S. at 56). Here, Petitioner testified that he agreed to plead guilty and take the thirty years after discussing the matter with his mother and counsel. Specifically, Petitioner testified that his mother and counsel "came down and talked to me about it. They say the 30 years or life. And so I, I felt I had no defense, so I just went to the 30, on my attorney's word, [attorney's] observation. (R.p. 104). Furthermore, at his guilty plea, Petitioner testified that the State had made no promises or recommendations, and that no one had forced him or threatened him to plead guilty. (R.pp. 64-65). Although Petitioner made the conclusory statement at his PCR hearing that he relied on the plea judge's comment about 85% in agreeing to plead guilty, there is no evidence that this issue had even been bought up prior to the plea proceeding, and the PCR court did not find Petitioner's testimony credible. See discussion, supra. Based on the record and arguments presented, the Petitioner has not shown that the PCR judge's alternative finding that he was not entitled to relief on the merits was incorrect; Frasier, 570 S.E.2d at 175; and there is certainly no basis in the record or the applicable caselaw to overturn the findings of the state court with regard to this issue. Evans, 220 F.3d at 312.

While Petitioner now makes allegations to explain how his plea was involuntary, the United States Supreme Court has ruled that "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute



a formidable barrier in any subsequent collateral proceedings...The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977). Statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel; <u>Via v. Superintendent, Powhatan Correctional Center</u>, 643 F.2d 167, 171 (4th Cir. 1981); and Petitioner has provided no evidence to show ineffective assistance of counsel in his case and indeed did not raise any type of ineffective assistance of counsel claim based on this underlying ground.

   In sum, Petitioner has not provided the Court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court. Petitioner has therefore failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable; <u>Evans</u>, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; <u>Bell v. Jarvis</u>, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]; and this claim should be dismissed.

### Conclusion

   Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 25, 2010
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

