

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| JEFFREY D. JONES, | § | |
|     Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 9:10-00049-HFF-BM |
| | § | |
| MICHAEL MCCALL, | § | |
|     Respondent. | § | |

## ORDER

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and that the petition be dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 26, 2010, and Respondent filed his objections to the Report on November 12, 2010. Petitioner, however, failed to file any objections

to the Report. In the absence of such objections, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

Although Respondent agrees with the Magistrate Judge that its motion for summary judgment should be granted, Respondent objects to the recommendation that Petitioner's first ground for habeas relief, which asserted that Petitioner did not knowingly and voluntarily plead guilty because the trial judge allegedly misadvised him during the plea colloquy that he would serve only 85% of his sentence, was not procedurally defaulted. The Magistrate Judge suggested that Petitioner's first ground was not procedurally defaulted because Respondent failed to satisfy its burden of proving that the PCR judge's decision rested on an independent and adequate state law ground to preclude federal habeas review. The Magistrate Judge based the recommendation on his finding that Respondent did not demonstrate that the state law ground used to bar the claim—South Carolina Rule of Civil Procedure 15(b)—was consistently and regularly applied to constitute an adequate state law ground. Thus, because the Magistrate Judge was of the opinion that the first ground was not procedurally defaulted, he reviewed the claim on its merits and ultimately recommended that it be dismissed.

Respondent advances three specific arguments to support his objection that the Magistrate Judge erred in recommending that the claim be dismissed on its merits instead of being procedurally defaulted. First, Respondent argues that, contrary to the Magistrate Judge's analysis based on Rule 15(b), the state law rule used to bar Petitioner's claim was South Carolina Rule of Civil Procedure 15(a). Second, Respondent maintains that the Magistrate Judge "improperly conflated proof [that] the rule is regularly applied with proof that PCR applicants are uniformly *denied* the right to

2

amend." Finally, Respondent contends that the Magistrate Judge "incorrectly analyzed the . . . rule as one of mandatory exclusion." The Court has reviewed these arguments and finds them to be without merit.

The Court finds that the Magistrate Judge was correct in basing his analysis on Rule 15(b). Rule 15(b) provides in relevant part the following:

> If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that admission of such evidence would prejudice him in maintaining his . . . defense upon the merits.

S.C. R. Civ. P. 15(b). The Court finds that the events in this case fit within the situation contemplated by Rule 15(b). As the Magistrate Judge noted, in Petitioner's application for post-conviction relief, he failed to raise the issue of whether he knowingly and voluntarily plead guilty because of the trial judge's alleged incorrect advice. Instead, at the outset of his PCR hearing, he indicated that he intended to introduce evidence relating to the issue. The State objected to the admission of evidence relating to the issue because it was not raised in the application and the State would be prejudiced by its admission. Ultimately, the PCR judge agreed with the State and found the issue barred by Petitioner's failure to raise it in his application. Because this sequence of events fits within the situation contemplated in Rule 15(b), the Court finds the Magistrate Judge did not err.

The Court finds Respondent's second argument to be unpersuasive as well. Respondent appears to argue that, in determining whether Respondent satisfied its burden of proving adequacy,

3

the Magistrate Judge improperly required proof that PCR applicants are consistently denied the right to amend their applications. Respondent, therefore, insists that its cases showing the general application and consideration of Rule 15(b) outside of the PCR context should suffice.

Respondent's argument runs contrary to the Fourth Circuit's recent decision in *Jones v. Sussex I State Prison*, 591 F.3d 707 (4th Cir. 2010). In *Jones*, the Fourth Circuit stated that "the fact that a state procedural rule is adequate in general does not answer the question of whether the rule is adequate as applied in a particular case." *Id.* at 716 (internal quotation marks omitted) (quoting *Reid v. True*, 349 F.3d 788, 805 (4th Cir. 2003)). Thus, the Fourth Circuit noted that it was not enough to show that a procedural rule is consistently applied in general. *Id.* Instead, for the State to satisfy its burden of proving adequacy, it must show that the procedural rule has been used as a bar in similar situations. *See id.* ("[T]he Commonwealth does not cite any case in which Virginia courts have applied *Slayton* to bar a double jeopardy claim on collateral review because the Double Jeopardy Clause was not specifically mentioned as a ground for reversal on direct appeal.").

As reflected in the Magistrate Judge's Report, Respondent has failed to demonstrate instances in which Rule 15(b) has been used to bar amendments at PCR hearings. In fact, in the closest analogous case to which Respondent cites, *Simpson v. Moore*, 627 S.E.2d 701 (S.C. 2006), the South Carolina Supreme Court reversed the PCR court for refusing to allow the applicant to amend his application under Rule 15(b). *Id.* at 708. It is insufficient that Respondent has pointed to other situations demonstrating that Rule 15 is generally applied. The cases that Respondent produced do not show that Rule 15 is adequate as applied to Petitioner's particular case. Therefore, the Court agrees that Respondent failed to satisfy its burden of proving the adequacy of Rule 15(b).

*See Jones*, 591 F.3d at 716 ("Because procedural default constitutes an affirmative defense in habeas cases, the burden rests with a state to prove the adequacy of the relied-on procedural bar.").

Finally, Respondent also asserts that the Magistrate Judge "incorrectly analyzed the . . . rule as one of mandatory exclusion." At no point in the Magistrate Judge's Report does he suggest that Rule 15 provides for mandatory exclusion rather than discretionary exclusion. In fact, in his Report, he notes that "a state PCR judge may deny a motion to amend where a respondent shows sufficient prejudice would occur." He then acknowledged that a discretionary rule can constitute an independent and adequate state law ground. Accordingly, Respondent's contention is without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Respondent's objections, adopts the Report to the extent it is consistent with this Order, and incorporates it herein. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment be **GRANTED** and that the petition be **DISMISSED** *with prejudice*.

To the extent that Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 1st day of December, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd  
HENRY F. FLOYD  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.